### J. G. HENDRICKS v. WILLIAM CAMERON.

(No. 4069.)

APPEAL from Hill County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

J. G. ABNEY, counsel for appellant.

No counsel appeared for appellee.

**§ 261.**  *New cause of action cannot be pleaded in county court on appeal from justice's court; case stated.* Cameron sued Hendricks & Etchison in justice's court upon a note executed by Etchison alone, alleging that Hendricks and Etchison were partners at the time of the execution of said note, and that said note was executed for the benefit of said partnership.   In the citation the amount sued for was stated to be $134.50 and interest, and Cameron recovered judgment against both defendants for the amount claimed.   Hendricks appealed to the county court, and in that court Cameron was permitted to amend his claim by claiming ten per cent. on the amount of the note for collection expenses, as stipulated in said note, and he recovered judgment for the full amount of his amended claim.   *Held* error.   The claim for ten per cent. collection expenses was a new cause of action, was not presented in the justice's court, and could not be entertained in the county court on appeal.   [W. & W. Con. Rep. § 239; 2 W. Con. Rep. § 351.]

**§ 262.**  *Partners; liability of one partner upon a note executed by another.*   It appears from the evidence that the consideration of the note sued on was lumber purchased of appellee by Etchison.  It is not clear from the evidence whether Etchison purchased the lumber on his own

individual account, or for the partnership of Hendricks & Etchison.    To make Hendricks liable upon the note it devolved upon Cameron to prove that the lumber was purchased on account of, or inured to the benefit of the partnership of Hendricks & Etchison.    If Etchison bought the lumber on his own account, and used it for himself, Hendricks would not be responsible therefor. But if the lumber was bought for or used by the firm, Hendricks would be liable although he did not execute the note.    These rules of law governing the case were not properly explained to the jury by the court.

February 19, 1887.            Reversed and remanded.